

# In the United States Court of Federal Claims

No. 16-1597C
(Filed: June 2, 2017)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
LISA BRYANT,                                    *
                                                *
                Plaintiff,                      *
                                                *
        v.                                      *
                                                *
THE UNITED STATES,                              *
                                                *
                Defendant.                      *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

**FILED**
JUN 2 2017
U.S. COURT OF
FEDERAL CLAIMS

---

## ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss the complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons stated below, the Court grants Defendant's motion to dismiss for lack of subject-matter jurisdiction.

### Background[1]

Plaintiff pro se Lisa Bryant is the widow of Master Sergeant Willie Bryant, a veteran of the United States Army. Compl. at 1, 8.[2] Master Sergeant Bryant served in the Army on four separate enlistments from October 11, 1939, until his retirement on July 31, 1960. Id. at 1. Master Sergeant Bryant died on April 23, 2010. Id. at 2.

On December 5, 2014, the Department of Veterans Affairs' ("VA") regional office in Muskogee, Oklahoma sent Plaintiff a letter stating that "[t]he official records of the U.S. Department of Veterans Affairs (VA) show that Lisa Bryant is the unremarried surviving spouse of a deceased veteran, Willie Bryant, who was determined to be honorably discharged, 100 percent

---

[1]     This background is derived from Plaintiff's complaint and its attachments.

[2]     Because Plaintiff did not number the pages in the attachments to her complaint, the Court will use the page numbers electronically generated by CM/ECF.

service-connected, permanent and total disabled by the VA prior to his/her death effective April 23, 2010." Id. at 5.

Plaintiff brought this suit on December 1, 2016, seeking the disability benefits Master Sergeant Bryant did not receive from his retirement date on July 31, 1960, until his death on April 23, 2010, and the retirement benefits she, as his widow, would have received upon his death, as well as burial of Mr. Bryant in Arlington National Cemetery. Id. at 1, 3-4. Plaintiff further asserts that in wrongly denying Master Sergeant Bryant's disability claims, the VA office in Muskogee subjected "him to unjust pain, trauma, loss of income, and severe emotional suffering." Id. at 1. Plaintiff seeks damages of $4,000,000.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence with "competent proof." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law: "the claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Defendant asserts that this Court lacks jurisdiction over Plaintiff's claim for disability benefits and disability pension, as Title 38 of the United States Code provides the sole legal mechanism for the recovery of veterans' benefits and the review of veterans' benefits determinations.

Master Sergeant Bryant was not discharged but voluntarily retired from the Army. See Compl. 9. Because Plaintiff seeks veterans' benefits from the VA, not service-related pay or benefits from the Army, her claims do not fall within the purview of this Court. Cf. Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Claims for veterans' benefits provided by the VA do not fall within the jurisdiction of this Court under the Tucker Act. 28 U.S.C. § 1491(a); see also Sindram v. United States, 130 F. App'x 456, 458 (2005) (per curiam) ("[C]ourts have construed [38 U.S.C.] § 511(a) . . . to preclude judicial review of decisions on veterans' benefits . . . [as] an appeal to the Veterans Court is the exclusive judicial remedy for the denial of a veteran's benefits, thereby preempting Tucker Act jurisdiction . . . .") (internal citations omitted); see also Addington v. United States, 94 Fed.Cl. 779, 783 (2010) (holding that "claims for veteran benefit compensation are within the exclusive adjudicatory scheme set forth in Title 38").

Section 511(a) of Title 38 provides:

The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (2012).

Title 38 provides the exclusive mechanism for review of veterans' benefits determinations made by the Secretary. 38 U.S.C. §§ 511, 7251-7299 (2012). When a VA regional office denies veterans' benefits, appeals must be taken to the Board of Veterans Appeals ("BVA"). § 7105. Following a final determination by the BVA, a claimant may appeal to the Court of Appeals for Veterans Claims ("CAVC"). § 7252(a). Appeal of a CAVC decision may be taken to the United States Court of Appeals for the Federal Circuit. §§ 7252(c), 7292(a). Finally, decisions by the Federal Circuit are subject to the discretionary jurisdiction of the United States Supreme Court. See Addington. 94 Fed. Cl. at 782. Thus, under Title 38's review mechanism, this Court does not have jurisdiction over Plaintiff's claim for veterans' benefits.

To the extent that Plaintiff asserts that the VA Regional Office in Muskogee, Oklahoma or individual VA officials acted in a manner to cause Master Sergeant Bryant "unjust pain, trauma, loss of income, and severe emotional suffering," these claims sound in tort, and this Court lacks jurisdiction. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

## Conclusion

Defendant's motion to dismiss is **GRANTED**; Plaintiff's motion to present additional evidence is denied as moot.

The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**